# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM SOLOMON LEWIS, | Civil No. 3:20-cv-1720 |
| Plaintiff | (Judge Mariani) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant | |

## MEMORANDUM

Plaintiff William Solomon Lewis ("Lewis"), an inmate who was housed at all relevant times at the United States Penitentiary, Allenwood, Pennsylvania ("USP-Allenwood"), commenced this Federal Tort Claims Act ("FTCA")[1] action on August 26, 2020. (Doc. 1). Along with the complaint, Lewis filed a motion to proceed *in forma pauperis*. (Doc. 3). The sole named Defendant in this action is the United States of America.

Presently pending before the Court is Lewis' motion (Doc. 4) to stay the proceedings. For the reasons set forth below, the Court will deny the motion to stay and dismiss the complaint without prejudice.

---

[1] The FTCA vests exclusive jurisdiction in district courts for claims against the United States for money damages involving "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

## I. Factual Background & Procedural History

Lewis alleges that he was attacked with a razor blade by a fellow inmate at USP-Allenwood. (Doc. 1). Lewis states that he warned prison officials that this particular inmate should not be released from the Special Housing Unit ("SHU"). (*Id.*). The inmate was released from the SHU and immediately assaulted Lewis. (*Id.*).

At the same time he filed the complaint, Lewis filed a motion (Doc. 4) to stay the action. Lewis indicates that he has not exhausted his administrative remedies and seeks to stay this action to allow him to complete the administrative exhaustion process.

## II. Standards of Review

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. *See* 28 U.S.C. § 1915A(a). In dismissing claims under §§ 1915(e) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Smithson v. Koons*, Civ. No. 15-1757, 2017 WL

2

3016165 at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp.2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)").

"A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a

3

cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III.   Discussion

The Bureau of Prisons ("BOP") has an administrative tort claim process through which an inmate can seek compensation from the United States for personal injury, wrongful death, or loss of property. *See* 28 C.F.R. §§ 543.30-543.32; BOP Program Statement ("Program Statement") 1320.06[2]. Specifically, BOP inmates may commence an administrative tort claim pursuant to the FTCA by filing a claim with the Regional Office. *See* 28 C.F.R. § 543.31(c) and Program Statement 1320.06 at 3-4. If the claim is denied, the inmate can "request, in writing, that the Bureau of Prisons reconsider [the] claim in the administrative stage." 28 C.F.R. § 543.32(g) and Program Statement 1320.06. If the inmate is "dissatisfied with the final agency action," he may then file suit in federal court. 28 C.F.R. § 543.32(g) and Program Statement 1320.06 at 7. "A tort claim against the United

---

[2]   Program Statement 1320.06 is available at http://www.bop.gov through the "Policy & Forms" link.

4

States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

Under the FTCA, a plaintiff may not bring suit against the United States "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). "It is a jurisdictional prerequisite to a suit under the FTCA that a plaintiff have exhausted all administrative remedies." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 193 (3d Cir. 2009) (finding that to make a claim under the FTCA, a claimant first must file the claim with the administrative agency allegedly responsible for the injuries) (citations omitted). In the motion to stay, Lewis concedes that he did not exhaust his administrative remedies. Therefore, the complaint must be dismissed for failure to sufficiently allege the jurisdictional basis for the FTCA claim. The Court finds that *sua sponte* dismissal of this action is appropriate under the present circumstances. *See, e.g., Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971); *Bieregu v. Ashcroft*, 259 F.Supp.2d 342, 354-55 (D.N.J. 2003) (noting at PLRA screening stage that a district court lacks jurisdiction over an FTCA claim until the claimant has exhausted administrative

remedies) (citing *McNeil v. United States*, 508 U.S. 106 (1993); *Deutsch v. United States*, 67 F.3d 1080, 1091 (3d Cir. 1995)).

## IV. **Leave to Amend**

Given the liberal standards afforded *pro se* pleadings, a plaintiff should generally be granted leave to amend before the Court dismisses a claim that is merely deficient. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments given the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002).

Here, Lewis admits that he failed to exhaust his administrative remedies before initiating this action. A district court lacks jurisdiction over an FTCA claim until the claimant has exhausted administrative remedies. *See McNeil*, 508 U.S. 106. When a plaintiff has failed to exhaust his administrative remedies, amendment would be futile because amendment cannot cure such a failure. *See, e.g.*, *Griffin v. Malisko*, 2018 WL 5437743 (M.D. Pa. Oct. 29, 2018); *Foman*, 371 U.S. at 182. Thus, the Court finds that allowing Lewis to amend his pleading would be futile.

## V.   Conclusion

For the reasons set forth above, the Court will deny Lewis' motion (Doc. 4) to stay and will dismiss the complaint (Doc. 1) without prejudice.

A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: September 23, 2020